IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Walter Chruby *et al.* ) | |
|     Plaintiffs and Class Representatives ) | |
| ) | |
| ) | C.A. No. 1:14 cv 456 |
| ) | (GBL/TRJ) |
| v. ) | JURY TRIAL |
| ) | |
| Global Tel*Link Corporation ) | |
|     Defendant ) | |
| ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Plaintiffs, incarcerated inmates and family members, file this First Amended Claims asserting class action claims against Defendant Global Tel*Link Corporation ("Defendant GTL") on their own behalf and on behalf of all those across the nation harmed by Defendants' misconduct in abusing the exclusive contractual access to correctional facilities to engage in illegal rate discrimination and price gouging for telephone services.

2. By Order dated September 26, 2013, the Federal Communications Commission ("FCC") conclusively determined that Defendant GTL and other carriers had engaged in rate discrimination and had overcharged certain inmates and their families ("Petitioners") for telephone services. *See* Order Released September 26, 2013 (FCC 13-113) in In the Matter of Rates for Interstate Calling Services, WC Docket No. 12-375 ("FCC September 26, 2013 Order").

3. This class action is filed on behalf of inmates and their families other than Petitioners to challenge the same type of misconduct, rate discrimination and illegal pricing by Defendant GTL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1332(d), § 1343(3) and (4), and § 1367.

5. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1337(a) and 15 U.S.C. § 2, 15 and 26.

6. This Court has subject matter jurisdiction over this lawsuit pursuant to 42 U.S.C. §§ 206 and 207.

7. This Court has subject matter over this lawsuit pursuant to 15 U.S.C. § § 4 and 15.

8. Venue is proper in this district. 28 U.S.C. § 1391, 15 U.S.C. § 22.

## PARTIES

9. Plaintiff Walter Chruby is a citizen of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Chruby is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

10. Plaintiff Stephen Orosz is a citizen of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Orosz is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

11. Plaintiff Michael Veon is a citizen of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls.

        Plaintiff Veon is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

12. Plaintiff Larry Bageant is a citizen of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Bageant is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

13. Plaintiff Mark Bell resides at 160 Dunbar Ohiopyle Road, Dunbar, Pennsylvania PA 15431. Plaintiff Bell was formerly incarcerated in Pennsylvania, and was forced to overpay for phone calls. Plaintiff Bell is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

14. Plaintiff Luann Bouvier resides at 101 Highland Avenue, East Pittsburgh, Pennsylvania PA 15112. Plaintiff Bouvier has an incarcerated family member, and has been and is forced to overpay for phone calls. Plaintiff Bouvier is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

15. Plaintiff Wesley Harper is a resident of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Harper is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

16. Plaintiff Robert Holmes is a resident of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Holmes is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

17. Plaintiffs Stephen and Emily Orosz reside at 243 Highland Avenue, East Pittsburgh, Pennsylvania PA 15112. The Orosz Plaintiffs have an incarcerated family member, and have been and are being forced to overpay for phone calls. They are willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

18. Plaintiff Carl Peterkin is a resident of Pennsylvania and is incarcerated at SCI Laurel Highlands. He has been and is being forced to overpay for phone calls. Plaintiff Peterkin is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

19. Plaintiff Stefanie Veon resides at 1617 Concordia Street, Pittsburgh, PA 15210. She has an incarcerated family member, and has been and is being forced to overpay for phone calls. Plaintiff Veon is willing and able to serve as a class representative for the FCC Class and the Pennsylvania Antitrust Class.

20. Global Tel*Link Corporation is a corporation with its corporate headquarters at 12021 Sunset Hills Road, Suite 100, Reston, VA 20190, has been in business approximately 25 years. Defendant GTL is headquartered in Reston, Virginia with additional regional offices in Texas (Houston), California (Sacramento), Pennsylvania (Altoona), and Alabama (Mobile). Defendant GTL also maintains sales and administrative offices across the United States, and a website.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs and Class Representatives bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). This lawsuit seeks to certify two classes: a nationwide class labeled as the "FCC/Unjust Enrichment

4

Class" and a Pennsylvania-wide class labeled as the "Pennyslvania Antitrust Class". Each class seeks damages in excess of $5,000,000.

22. This action satisfies all the requirements of Fed.R.Civ.P. 23.

23. This action seeks to certify an FCC/Unjust Enrichment Class tentatively defined to include "All inmates and their family members except for those persons who petitioned the Federal Communications Commission who were charged by Defendant GTL for telephone services at rates that included site commission payments in the cost-basis for the rates."

24. Although discovery will establish the precise number and locations of the FCC/Unjust Enrichment Class, the class appears to include inmates and their families from the following states: Arkansas, Colorado, Delaware, Georgia, Idaho, Indiana, Iowa, Maine, Maryland, Massachusetts, Minnesota, Mississippi, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Dakota, Tennessee, Utah, Vermont, Virginia and Washington. The tentative size of the class exceeds one million persons.

25. This action also seeks to certify a Pennsylvania Antitrust Class tentatively defined as follows: All inmates incarcerated in correctional facilities in Pennsylvania from 2000 to present, and family members of the same, except for those persons who petitioned the Federal Communications Commission, who were charged by Defendant GTL for telephone services at rates that included site commission payments in the cost-basis for the rates."

26. Although discovery will establish the precise number and locations of the Pennsylvania Antitrust Class, the tentative size of the class is 45,563 inmates and their families.

27. The common questions of law and fact that must be resolved in this lawsuit predominate over any questions affecting only individual class members.

28. The class action mechanism is superior to other available methods for resolution of the dispute.

29. With regards to the FCC/Unjust Enrichment Class, Defendant GTL has no defenses applicable to individual plaintiffs. All of Defendant GTL's defenses apply to all members of the FCC/Unjust Enrichment Class.

30. With regards to the Pennsylvania Antitrust Class, Defendant GTL has no defenses applicable to the individual plaintiffs. All of Defendant GTL's defenses apply to all members of the Pennsylvania Antitrust class.

31. Plaintiffs and Class Representatives have claims typical of the class.

32. Plaintiffs and Class Representatives have the time and ability to devote to studying the facts and law applicable to this class action. Plaintiffs and Class Representatives have been and will be able to devote the time and energies needed to fairly and adequately protect the interests of the class.

33. Plaintiffs and Class Representatives have retained counsel experienced in class action litigation.

34. Plaintiffs and Class Representatives do not have any conflicts with any other members of the putative class.

## COUNT I – VIOLATION OF THE FEDERAL COMMUNICATIONS ACT

35. Correctional institutions provide inmates with access to pay telephones from which to make interstate and intrastate telephone calls to families, friends and lawyers. Inmates and those receiving their calls have three ways to pay for these telephonic services: collect, debit or prepaid payment options.

36. The Federal Communications Act ("the Act") governs all such telephone calls as payphone service. 47 U.S.C. §276 (d).

37. Beginning in the 1990s and persisting until early 2014, Defendant GTL violated the Act by engaging in rate discrimination and overcharging.

38. Reasonable discovery will show that Defendant GTL ceased its illegal interstate rate discrimination and overcharging in the first quarter of 2014, after the Federal Communications Commission ("FCC") declared its rates illegal. Reasonable discovery will show that Defendant GTL is continuing, or attempting to continue, its illegal rate discrimination and overcharging in its billing for intrastate calls.

39. Defendant GTL took the following steps to implement its illegal scheme to violate the Act.

40. Defendant GTL used its sales force and website to engage in a marketing campaign to correctional facilities across the nation that promised substantial revenue streams in exchange for contracting with Defendant GTL. See, e.g., Defendant GTL's website touting its "site commission payments" as "a steady source of income to help augment budgets." See Defendant GTL's website.

41. Defendant GTL established telephone rates well in excess of those needed to recoup costs and fair compensation in those locations in which State Governments failed to set state policy and failed to supervise and monitor corporate conduct.

42. Defendant GTL engaged in a nationwide pattern of paying kickbacks to correctional facilities, and then overcharging inmates and their family members by embedding those costs into their rate structure.   Reasonable discovery will show that the rates set forth below were charged by Defendant GTL for 15-minute collect calls from 2012-2013.  These rates were compiled by Prison Legal News, which has posted the summaries, as well as the original source materials upon which it is based, on the website www.prisonphonejustice.org.

43. Arkansas:  Defendant GTL charged $17.30 (interstate) and $4.80 (intrastate).

44. Colorado:  Defendant GTL charged $5.25 (interstate) and $5.00 (intrastate).

45. Delaware:  Defendant GTL charged $10.70 (interstate) and $3.20 (intrastate).

46. Georgia: Defendant GTL charged $17.30 (interstate) and $4.85 (intrastate).

47. Idaho:  Defendant GTL charged $16.55 (interstate) and $3.80 (intrastate).

48. Indiana:  Defendant GTL charged $3.60 (interstate) and $3.60 (intrastate).

49. Iowa:  Defendant GTL charged $7.50 (interstate) and $5.45 (intrastate).

50. Maine:  Defendant GTL charged $13.35 (interstate) and $5.30 (intrastate).

51. Maryland:  Defendant GTL charged $5.45 (interstate) and $5.45 (intrastate).

52. Massachusetts:  Defendant GTL charged $2.36 (interstate) and $2.36 (intrastate).

53. Minnesota: Defendant GTL charged $17.30 (interstate) and $6.45 (intrastate).

54. Mississippi:  Defendant GTL charged $5.70 (interstate) and $5.70 (intrastate).

55. New Jersey: Defendant GTL charged $4.95 (interstate) and $4.95 (intrastate).

56. North Carolina:  Defendant GTL charged $3.40 (interstate) and $3.40 (intrastate).

57. Ohio:  Defendant GTL charged $16.97 (interstate) and $4.95 (intrastate).

58. Oklahoma:  Defendant GTL charged $3.00 (interstate) and $3.00 (intrastate).

59. Pennsylvania:  Defendant GTL charged $11.00 (interstate) and $6.25 (intrastate).

60. South Dakota:  Defendant GTL charged $9.60 (interstate) and $8.40 (intrastate).

61. Tennessee:  Defendant GTL charged $12.80 (interstate) and $3.60 (intrastate).

62. Utah:  Defendant GTL charged $9.75 (interstate) and $4.60 (intrastate).

63. Vermont:  Defendant GTL charged $3.50 (interstate) and $3.23 (intrastate).

64. Virginia:  Defendant GTL charged $8.85 (interstate) and $6.00 (intrastate).

65. Washington:  Defendant GTL charged $11.00 (interstate) and $3.50 (intrastate).

66. Reasonable discovery will show that Defendant GTL's pattern and practice of rate discrimination and overcharging occurred at even greater levels than set forth above throughout the time period (2001 to present) at issue in this lawsuit.

67. In contrast to the rates set forth above, in those instances when state governments adopted policies or supervised Defendant GTL and stopped any rate discrimination and overcharging, Defendant GTL charged reasonable rates that complied with the Act.  For example, in New York and Rhode Island, Defendant GTL charged approximately 70-72 *cents* for the 15-minute interstate and intrastate calls that it charged at $17.30 in other states.

68. The FCC declared Defendant GTL's rates illegal at the culmination of a lengthy administrative process that began as a result of an earlier class action lawsuit brought by a D.C. resident named Martha Wright in 2000.  *See Martha Wright et*

*al. v. Corrections Corporation of America, et al.*, C.A. No. 00-293 (United States District Court for the District of Columbia).

69. Ms. Wright and others in similar position ("Petitioners") challenged the excessive rates, which prevented her from calling her incarcerated family member. Prior to certification of any class, Defendant GTL and its co-defendants prevailed on their motion to dismiss the lawsuit, successfully arguing that the Federal Communications Commission (hereinafter "FCC") exercised primary jurisdiction over Defendant GTL's rates for interstate telephonic services. The District Court for the District of Columbia dismissed the case without prejudice to permit the FCC to exercise jurisdiction. *See* Order, *Martha Wright et al. v. Corrections Corporation of America, et al.*, C.A. 00-293 (August 22, 2001).

70. In 2003, Mrs. Wright and her fellow plaintiffs filed a petition with the FCC seeking to challenge the overcharging on interstate telephone calls. *See Petition*, CC Docket No. 92-128, Public Notice DA 03-4027, 2003 WL 23095474. These Petitioners are not included as class members in this class action.

71. During the pendency of such FCC administrative proceedings, the statute of limitations is tolled for those in comparable position to the Petitioners. As a result of this tolling effect on the two-year statute of limitations otherwise applicable to FCC claims, Plaintiffs and Class Representatives are seeking damages for the time period November 3, 2001 to the present.

72. The FCC concluded it had jurisdiction over Defendant GTL's interstate rates pursuant to the Federal Communications Act, 47 U.S.C. 42 U.S.C. § 201. *See FCC September 26, 2013 Order* at footnote 40, explaining why the FCC rejected

10

Defendant GTL's arguments that it was not governed by Section 201 of the Act's requirement that charges shall be "just and reasonable."

73. The FCC concluded that Defendant GTL's rates were not based on its costs, and instead were unjust and unreasonable under Section 201 and unfair under Section 276.

74. The FCC ruled that Defendant GTL could not pass on the cost of site commission payments to the inmates and their families. *See FCC September 26, 2013 Order* at para. 53, explaining that site commission payments cannot be included as costs but are instead profits. The FCC held that Defendant GTL was charging unfair, unreasonable, discriminatory and unjust rates that were not based on costs and a reasonable return. See *FCC September 26, 2013 Order*.

75. According to the FCC, the rates being charged by Defendant GTL in locations in which it paid site commission payments (hereinafter termed "Excessive Rates") violated Section 201 of the Act, which requires that telephone carriers' interstate rates be just and reasonable. According to the FCC, Defendant GTL's Excessive Rates also violated Section 276, which requires that payphone rates be fair; and Section 202, which requires that carriers refrain from subjecting any particular class of persons to undue or unreasonable prejudice or disadvantage. *See* FCC September 26 Order.

76. As the FCC Order reveals, Defendant GTL's costs to provide services did not vary according to the size of the facility. *See* FCC September 26 Order at para. 81 and footnote 303.

77. Reasonable discovery will show that Defendant GTL also engaged in other conduct violating the Act and constituting unjust enrichment, such as call blocking not reasonably linked to correctional facilities' security demands, unnecessarily and routinely retaining advance payments made by inmates, and overcharging for ancillary services such as billing and processing.

78. This lawsuit seeks redress to compensate the Class for Defendant GTL's long history of charging discriminatory, unjust and unreasonable rates for telephone calls originating from correctional facilities in states where correctional facilities accepted kickbacks from Defendant GTL.

79. Defendant GTL's conduct is governed by the Federal Communications Act.

80. Defendant GTL violated Section 201 of the Federal Communications Act (codified at 47 U.S.C. § 201) by charging Plaintiffs and the Class Members rates that were unjust and unreasonable, and hence unlawful.

81. Defendant GTL violated Section 202 of the Federal Communications Act (codified at 47 U.S.C. § 202) by charging Plaintiffs and the Class Members discriminatory rates.

82. Defendant GTL violated Section 276 of the Federal Communications Act (codified at 47 U.S.C. § 276) by charging Plaintiffs and the Class unfair rates.

83. Pursuant to Sections 206 and 207 of the Federal Communications Act (codified at 47 U.S.C. §§ 206 and 207), Plaintiffs and the Class seek all remedies permissible as means to redress the harms caused by the past and ongoing violations of the Federal Communication Act, including but not limited to injunctive relief, compensatory damages, and reasonable attorneys fees and costs.

## COUNT II – UNJUST ENRICHMENT

84. Each and every prior allegation is hereby incorporated in full by reference into this Count as if fully set forth herein.

85. Defendant GTL improperly used its exclusive access to correctional facilities to unjustly enrich itself at the expense of Plaintiffs and the Class.

86. Defendant GTL received monies from Plaintiffs and the Class based on unjust, unreasonable, unfair and discriminatory charges for telephone services.

87. Defendant GTL engaged in impermissible conduct to prevent Plaintiffs and the Class from avoiding or mitigating these unjust, unreasonable, unfair and discriminatory charges for telephone services.

88. Plaintiffs and the Class seek all forms of remedies possible to punish Defendant GTL for its wrongful acts and unjust enrichment, including but not limited to an accounting, restitution, disgorgement of all profits, compensatory damages, punitive damages, and payment of attorneys fees and costs.

## COUNT III – VIOLATION OF THE FEDERAL ANTITRUST LAWS

89. Each and every prior allegation is hereby incorporated in full by reference into this Count as if fully set forth herein.

90. Defendant GTL paid millions of dollars in "site commission payments" to Pennsylvania in order to obtain exclusive access to provide telephone services to the Pennyslvania Antitrust Class.

91. Defendant GTL used the purchased exclusive access to extort monopolistic rates for telephone services.  Defendant GTL charged rates for telephone services that

the FCC deemed to be discriminatory, unjust and unreasonable, and prohibited by law.

92. By its course of conduct, Defendant GTL violated the Section 1 of the Sherman Act (codified at 15 U.S.C. §1), which prohibits GTL from entering into contracts designed to restrain competition.

93. By its course of conduct, Defendant GTL violated the Section 13 of the Sherman Act (codified at 15 U.S.C. §13), which prohibits GTL from making payments to procure or attempt to procure a monopoly.

94. Reasonable discovery will show that Defendant GTL is not entitled to "state action" immunity from the federal antitrust laws because Pennsylvania never adopted a state policy to overcharge inmates, and never supervised the amounts being extorted by Defendant GTL under its exclusive access.  Reasonable discovery will show that Pennsylvania did not know that Defendant GTL was violating the Federal Communication Act until the FCC issued its September Order.

95. Had Defendant GTL refrained from violating the Sherman Act by abusing its exclusive contractual access to extort illegal rates for telephone services, the Pennsylvania Antitrust Class Members would have been paying rates akin to those in New York and Rhode Island, not the excessively-high rates they actually paid.

96. Plaintiffs and the Pennsylvania Antitrust Class members each were directly and substantially injured by Defendant GTL's violation of the antitrust laws of the

United States.  They have standing to sue for such antitrust violations under 15 U.S.C. §15.

97. Plaintiffs and the Class seek all remedies permissible under the antitrust laws of the United States, including but not limited to treble damages.

98. Defendant GTL was and is required by Section 1 of the Sherman Act to refrain from entering into contracts intended to restrain interstate trade or commerce. Defendant GTL violated this Section.

99. Defendant GTL was and is required by Section 13 of Title 15 of the United States Code to refrain from making payments to induce discrimination in price. Defendant GTL violated this Section.

100. Reasonable discovery will show that Defendant GTL continues to use its monopolistic position to overcharge for intrastate calls.  *See* Defendant GTL Pennsylvania Price List No. 1, Effective September 17, 2013 (available on Defendant GTL's website).

## PRAYER FOR RELIEF

Plaintiffs and the Class seek all remedies permissible as means to redress the harms inflicted by Defendants, including but not limited to

(1) all remedies available under the Federal Communications Act, including but not limited to compensatory damages, and attorneys fees and costs;

(2) all remedies available under the Sherman Act and other antitrust laws of the United States, including but not limited to an injunction against continued violations in intrastate rates, treble damages, and attorneys fees and costs;

(3) all remedies available under common law, including but not limited to an accounting, restitution, disgorgement of all profits, direct, consequential and incidental damages, compensatory damages, punitive damages, and attorneys fees and costs;

(4) an award of attorneys' fees, costs and expenses, as provided by law or equity or otherwise;

(5) an award of pre-judgment and post-judgment interest; and

(6) any and all additional remedies that justice may require.

August 20, 2014

       /s/Susan L. Burke
Susan L. Burke
Virginia Bar No. 27769
LAW OFFICES OF SUSAN L. BURKE (Burke PLLC)
1611 Park Avenue
Baltimore, MD 21217
Telephone: (410) 733-5444
Facsimile: (410) 733-5444
sburke@burkepllc.com

      /s/ Robert F. Morris
Robert F. Morris
Mark Clemm
David Jacquette
Morris Clemm & Wilson PC
527 Plymouth Road
Suite 416
Plymouth Meeting, PA 19462
Telephone:  (610) 825-0500
Facsimile:  (610) 834-1776
rmorris@morrisclemm.com
(seeking *pro hace* admissio

## CERTIFICATE OF SERVICE

I, Susan L. Burke, certify that on this 20th day of August, 2014, the foregoing First Amended Complaint was filed and served via email and regular mail on counsel for Defendant GTL:

Michael R. Sklaire
Greenberg Traurig
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22101
sklaire@gtlaw.com

    /s/Susan L. Burke
Susan L. Burke
Virginia Bar No. 27769
LAW OFFICES OF SUSAN L.
BURKE (Burke PLLC)
1611 Park Avenue
Baltimore, MD 21217
Telephone: (410) 733-5444
Facsimile: (410) 733-5444
sburke@burkepllc.com