IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| WALTER CHRUBY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-456 (GBL/TRJ) |
| ) | |
| GLOBAL TEL*LINK CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

THIS MATTER is before the Court on Plaintiff Walter Churby's Motion for Reconsideration (Doc. 29) and Motion for Transfer (Doc. 47). This case arises from a class action suit against Defendant Global Tel*Link Corporation ("GTL") for violation of the Federal Communications Act ("FCA") (Count I), unjust enrichment (Count II), and violation of the Sherman Act (Count III).

There are two issues before the court. The first issue is whether the Court should grant Plaintiff's Motion for Reconsideration as to the Court's January 14, 2015 Order staying the case, where Plaintiff argues that the D.C Circuit's order holding in abeyance the related matter is a change of material fact directly bearing on the specific factors previously considered by the Court in rendering its decision on Defendant's Motion to Stay. The Court **GRANTS** Plaintiff's Motion for Reconsideration and **LIFTS** the previously ordered **STAY** because the D.C. Circuit Court's Order granting Respondent's Uncontested Motion to Hold the Cases in Abeyance in *Global Tel*Link v. FCC*, No. 13-1281 (D.C. Cir. 2014) serves as a significant change in facts rendering reconsideration appropriate.

1

The second issue before the Court is whether the Court should grant Plaintiff's Motion to Transfer, where Plaintiff argues that a transfer would be in the best interest of justice as well as the convenience of the parties and witnesses. Defendant does not oppose the transfer, if the stay is lifted. The Court **GRANTS** Plaintiff's Motion to Transfer to avoid duplicative litigation, inconveniencing parties and witnesses, and to encourage consolidation and coordination with the related lawsuits already pending in that court.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration and thus **LIFTS** the previously ordered **STAY**, and also **GRANTS** Plaintiff's Motion to Transfer to the Western District of Arkansas.

## I. BACKGROUND

Plaintiffs, incarcerated inmates and family members, assert class action claims against Defendant Global Tel*Link Corporation ("GTL"), an inmate calling service ("ICS") provider, for engaging in rate discrimination and overcharging inmates and their families for telephone services. First. Am. Compl. (hereinafter "Compl.") ¶ 2. Plaintiffs assert three causes of action: (1) violation of the Federal Communications Act ("FCA") (47 U.S.C. §§ 201, 202, 276) (Count I), (2) unjust enrichment (Count II), and (3) violation of the Sherman Act (15 U.S.C. §§ 1, 13) (Count III). Compl. ¶ 83, 88, 92, 93.

Global Tel*Link Corporation is a telecommunications provider for inmates housed in certain state prisons and jails throughout the country. Def.'s Supp. Br. at 2. The Federal Communications Commission ("FCC") regulates interstate and international communications by radio, television, wire, satellite, and cable. Pls.' Opp'n Br. at 2. The FCC interprets and applies the Federal Communications Act ("FCA"), which regulates inmate telephone services in correctional facilities as a form of payphone services. Pls.' Opp'n Br. at 2-3; 47 U.S.C. § 276(d).

The FCA requires ICS providers, such as GTL, to charge only "just and reasonable" rates for telephone services provided to inmates. Pls.' Opp'n Br. at 3; 47 U.S.C. § 201(b).

On September 26, 2013, the FCC released a Report and Order and Further Notice of Proposed Rulemaking ("Order") requiring ICS rates to be "cost-based" and implementing interim rate caps for ICS interstate calls. Def.'s Supp. Br. at 3-4; 78 Fed. Reg. 67956 (Nov. 13, 2013). Specifically, the Order classifies "site commission payments" as "profits" rather than "costs," and finds that such payments cannot be passed along to customers in the form of rates. Pls.' Opp'n Br. at 4; 78 Fed. Reg. at 67962-63. GTL and other ICS providers filed a petition for review of the Order to the United States Court of Appeals for the D.C. Circuit and filed a motion to stay the implementation of the Order, which was scheduled to take effect on February 11, 2014. Def.'s Supp. Br. at 5; 78 Fed. Reg. at 67956. On January 13, 2014, the D.C. Circuit stayed the portions of the Order that required ICS rates to be cost-based but did not stay the implementation of interim rate caps for ICS interstate calls. Def.'s Supp. Br. at 5; Def.'s Ex. A.

Here, Defendant GTL filed a Motion to Stay on Primary Jurisdiction Grounds seeking to refer Count I, the Federal Communications Act claim, to the FCC. (Doc. 11). On January 14, 2015, this Court granted Defendant's Motion to Stay, not on primary jurisdiction grounds, but rather that adjudication of the current case before the matter was resolved in the D.C. Circuit would risk inconsistency in the telecommunications industry. (Doc. 28). Plaintiff's filed a Motion for Reconsideration (Doc. 29) on January 23, 2015 and later a Motion to Transfer (Doc. 47) on February 13, 2015. Both motions are now properly before the Court.

## II. ANALYSIS

**A. Motion for Reconsideration**

The Court **GRANTS** Plaintiff's Motion for Reconsideration and **LIFTS** the previously ordered **STAY** because the D.C. Circuit Court's Order granting Respondent's Uncontested Motion to Hold the Cases in Abeyance in *Global Tel\*Link v. FCC*, No. 13-1281 (D.C. Cir. 2014) serves as a significant change in facts, rendering reconsideration appropriate.

Under Rule 54 of the Federal Rules of Civil Procedure, "[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)). The Fourth Circuit has found that reconsideration is appropriate where "a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]." *McAfee v. Boczar*, No. 3:11CV646, 2012 WL 2505263, at *2 (E.D. Va. June 28, 2012).

At the time the Court heard oral argument (October 24, 2014) and was considering Defendant's Motion to Stay (Doc. 11), the FCC was litigating in the D.C. Circuit court the issues that form the basis of this suit: interstate rates, intrastate rates, and site commission payments. *See* 78 Fed. Reg. 67956. Further, the appeal before the D.C. Circuit was scheduled for oral argument on February 6, 2015. However, on December 16, 2014, the D.C. Circuit issued an

Order holding the appeal proceedings in abeyance. In other words, the D.C. Circuit has decided to await the FCC's final proposed rules before considering any of the issues underlying this case.

To date the FCC has not provided a timeline of when these final rules can be expected. Considering that it took the FCC more than a decade to issue its current interim rules on interstate calling rates for inmates, the Court is not confident that an indefinite stay pending the the resolution of *Global Tel\*Link v. FCC*, No. 13-1281 (D.C. Cir. 2014), which now depends on the FCC's final rules, would not unjustly burden Plaintiff and those similarly situated. Accordingly, the Court finds that the D.C. Circuit Court's Order granting Respondent's Uncontested Motion to Hold the Cases in Abeyance in *Global Tel\*Link v. FCC*, No. 13-1281 (D.C. Cir. 2014) serves as a significant change in facts, rendering reconsideration appropriate. Thus, the Court **GRANTS** Plaintiff's Motion for Reconsideration and **LIFTS** the previously ordered **STAY.**

### B. Motion to Transfer

The Court **GRANTS** Plaintiff's Motion to Transfer to avoid duplicative litigation, inconveniencing parties and witnesses, and to encourage consolidation and coordination with the related lawsuits already pending in the Western District of Arkansas.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.§1404 (a). First, § 1404(a) only applies where venue is proper in the transferor forum. *Bd. of Trs. v. Sullivant Ave. Prop., LLC,* 508 F.Supp.2d 473, 476 (E.D.Va.2007). Second, the proposed transferee forum must be one where the suit might have been brought. *Id.* Here, both elements are satisfied. This Court properly exercised

jurisdiction and Defendant GTL does business in the Western District of Arkansas and has even been sued in that court by similarly situated plaintiffs for the same underlying issues.

Further, when considering a motion to transfer venue, a court must consider and balance the plaintiff's choice of venue, the convenience of the parties and witnesses, and the interest of justice. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). The interest of justice includes circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Bd. of Tr. v. Baylor Heating & Air Conditioning*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). The movant bears the burden to establish that transfer is proper in view of these considerations. *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 696 (E.D. Va. 2000).

Here, each of the three elements is easily analyzed. First, in a slightly unusual circumstance, here Plaintiff seeks to transfer venue. Accordingly, the Plaintiff's choice of venue weighs in favor of transferring. The second factor—convenience of the parties and witnesses, is also easily analyzed, as even the Defendant agrees that they do "not wish to have to respond to the similar allegations in two separate jurisdictions." (Doc. 51). Because the parties and witnesses would be the same in this litigation as those in the cases currently pending in the Western District of Arkansas, this factor also weighs in favor of transferring. Factor three, the interest of justice, also weighs in favor of transferring. In determining whether the interest of justice supports transferring, a Court may consider the pendency of a related action. *Baylor Heating & Air Conditioning*, 702 F. Supp. at 1260. Here, the pendency of several related actions is dispositive. The cases pending in the Western District of Arkansas involve the same parties,

the same underlying facts, and in some instances the same counsel. Transferring the case would prevent duplicative and overlapping class action litigation and with that the possibility of inconsistent rulings.

Plaintiff argues that a transfer would be in the best interest of justice as well as the convenience of the parties and witnesses. The Court agrees. Additionally, Defendant does not oppose the transfer if the stay is lifted. The Court **GRANTS** Plaintiff's Motion to Transfer to avoid duplicative litigation, inconveniencing parties and witnesses, and to encourage consolidation and coordination with the related lawsuits already pending in the Western District of Arkansas. Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 29) is **GRANTED** and the previously ordered **STAY LIFTED**; it is further

**ORDERED** Plaintiff's Motion to Transfer (Doc. 47) is **GRANTED**. This case is transferred to the United States District Court for the Western District of Arkansas.

**IT IS SO ORDERED.**

ENTERED this __10th__ day of March, 2015.

Alexandria, Virginia

3 /10/ 2015

/s/
Gerald Bruce Lee
United States District Judge

7